SVK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Beatrice Miranda, | No. CV 09-8065-PCT-PGR (ECV) |
| Petitioner, | |
| vs. | **ORDER** |
| Tracy Nielsen, et al., | |
| Respondents. | |

Petitioner, Beatrice Miranda, who is confined at the Truxton Canon Correctional Facility in Peach Springs, Arizona, filed a Petition for Writ of Habeas Corpus for an alleged violation of the Indian Civil Rights Act, 25 U.S.C. § 1302. (Doc. #1.) She is now represented by counsel.

Petitioner moves for a Preliminary Injunction and Leave to Conduct Discovery. (Doc. #19.) She seeks an Order for her return from the Truxton Canon Correctional Facility to the Coconino County Detention Facility in Flagstaff and leave to conduct discovery regarding Respondents' decision to transfer her from the Flagstaff facility to Peach Springs. In addition, she has filed an Amended Petition for Writ of Habeas Corpus adding Chris Harney, who manages the Truxton Canon facility, as a Respondent. She asks that the new Respondent be served with the Amended Petition and that he answer within 20 days. She also seeks an expedited ruling because her sentence will expire on July 24, 2010. (Doc. #19 at 3.) The motion is fully briefed. (Doc. ##23, 24, 26.)

The Court will deny the motion but will order service of the Petition and Amended Petition on Respondent Nielsen, who has not yet been served as required by this Court's June 24, 2009 Order. (Doc. #8.)

## I. Background

Petitioner brought a Petition for Writ of Habeas Corpus on April 17, 2009, naming as Respondents: (1) Tracy Nielsen, Interim Chief, Pascua Yaqui Tribe Department of Public Safety; (2) Kurt Braatz, Commander, Detention, Coconino County Detention Facility; and (3) Vincent Anchondo, Supervisory Correctional Specialist, Bureau of Indian Affairs, Office of Justice Services, Division of Corrections, District 3. (Doc. #1.) The sole ground for habeas relief in the Petition is that Petitioner's sentence violates 25 U.S.C. § 1302(7) because it far exceeds a term of imprisonment of one year in connection with a single criminal transaction. (Id.) On June 24, 2009, the Court ordered personal service of the summons and Petition on Respondents Tracy Nielsen and Kurt Braatz pursuant to Rule 4(e) of the Federal Rules of Civil Procedure and ordered service by certified mail on the United States Attorney for the District of Arizona. (Doc. #8.)

On July 29, 2009, Petitioner filed an Amended Petition, adding Chris Harney as a Respondent. (Doc. #18.) Respondent Braatz filed his Answer to the Amended Petition on August 11, 2009. (Doc. #22.) Respondents Anchondo and Harney filed their Answer to the Amended Petition on August 13, 2009. (Doc. #25.)

To date, there has been no service on Respondent Nielsen.

## II. Preliminary Injunction

### A. Legal Standards

#### Preliminary Injunction

A preliminary injunction is an extraordinary and drastic remedy and "one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (*per curiam*) (quoting 11A C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2948, pp. 129-130 (2d ed. 1995) (emphasis added)). To obtain a preliminary injunction, the moving party must

1  show "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm
2  in the absence of preliminary relief, that the balance of equities tips in his favor, and that an
3  injunction is in the public interest." Winter v. Natural Resources Defense Council, Inc., 129
4  S. Ct. 365, 374 (2008). The moving party has the burden of proof on each element of the
5  test. Environmental Council of Sacramento v. Slater, 184 F. Supp. 2d 1016, 1027 (E.D. Cal.
6  2000).

7  In addition, because the function of a preliminary injunction is to preserve the status
8  quo pending a determination on the merits, Chalk v. U.S. Dist. Court, 840 F.2d 701, 704 (9th
9  Cir. 1988), there is heightened scrutiny where the movant seeks to alter rather than maintain
10  the status quo. Dahl v. HEM Pharms. Corp., 7 F.3d 1399, 1403 (9th Cir. 1993) (holding that
11  mandatory, as opposed to prohibitory, injunctions are "subject to a heightened scrutiny and
12  should not be issued unless the facts and law clearly favor the moving party"). The Ninth
13  Circuit has held that this type of mandatory injunctive relief is disfavored, and should be
14  denied unless the facts and law clearly favor the movant. Anderson v. United States, 612
15  F.2d 1112, 1114 (9th Cir. 1979).

16  **B.    Parties' Contentions**
17  **1.    Petitioner**

18  Petitioner asserts that she filed her *pro se* Petition and a request for appointment of
19  counsel on April 17, 2009. (Doc. ##1, 4.) Over six weeks later, on June 3, 2009, she filed
20  a motion to expedite these proceedings in view of the short length of her sentence. (Doc. #7.)
21  On June 24, 2009, this Court appointed counsel, ordered that the Petition be served on the
22  Respondents, and ordered Respondents to answer the Petition within 20 days of service.
23  (Doc. #8.) As of the filing of the Preliminary Injunction, no Respondent had answered.

24  Counsel asserts that shortly after the Court ordered the Petition personally served on
25  the physical custodian at the Coconino County facility, Petitioner was moved from the
26  Coconino facility in Flagstaff to the Truxton Canon facility in Peach Springs. (Doc. #19 at
27  2.) Petitioner filed an Amended Petition adding as a Respondent Chris Harney, who
28  manages the Truxton Canon facility. (Id., Doc. #18.)

1 Petitioner asserts that her relocation is "troubling." (Doc. #19 at 2.) Her sentence will
2 expire on July 24, 2010, and her Petition has now "languished" unanswered for over two
3 months. (Id.) She asserts that the Petition raises a single claim, which can be dealt with
4 expeditiously – in time for her to avoid extended further unlawful custody – as soon as the
5 Respondents have answered. She argues that her relocation to a new facility raises the
6 prospect of still further delay, as her new custodian is served and given time to answer and
7 that she could be moved yet again, creating more delay. She contends that the relocation
8 interferes with her access to counsel because she has been moved to a far northwest corner
9 of Arizona. "Undersigned counsel are concerned that Respondents' joint actions may serve
10 to frustrate [Petitioner's] ability to secure relief in this case"; Petitioner's custody is jointly
11 managed by the Tribe and the Bureau of Indian Affairs ("BIA"), which contracts with local
12 authorities to house tribal inmates. 25 U.S.C. §§ 13, 450f(a)(1)(B); Indian Entities
13 Recognized and Eligible to Receive Services from the United States Bureau of Indian
14 Affairs, 73 Fed. Reg. 18,553 (Apr. 4, 2008).) (Doc. #19 at 2-3.)

15 Petitioner requests a preliminary injunction ordering Respondents to immediately
16 return her to the Coconino County facility; she argues that this would preserve the *status quo*
17 while the Court addresses the merits of a claim. Chalk, 840 F.2d at 704. (Doc. #19 at 3-4.)
18 A preliminary injunction is proper where the moving party has raised serious questions as
19 to the merits, and the balance of hardships tips in the moving party's favor. Dept. of Parks
20 and Recreation v. Bazaar del Mundo, Inc., 448 F.3d 1118, 1123 (9th Cir. 2006). Petitioner
21 contends that the Petition raises a serious question regarding the power of the Tribe to impose
22 sentences exceeding one year in connection with individual criminal transactions, Spears v.
23 Red Lake Band of Chippewa Indians, 363 F. Supp. 2d 1176, 1180 (D. Minn. 2005), an issue
24 that no federal appeals court has addressed. (Doc. #19 at 4.)

25 Petitioner asserts that the balance of hardships tips sharply her favor. At the time she
26 filed her Petition, she was in the custody of the Coconino County facility, and its manger is
27 represented by the Coconino County Attorney's Office. A representative of that Office
28 contacted Petitioner's counsel regarding Petitioner's relocation, asking that the Coconino

- 4 -

1  County official be removed from the case in light of Petitioner's transfer. (Id. at 4.) She
2  asserts that it is unclear whether the warden of the Truxton Canon facility is represented by
3  counsel. She further asserts that it will be much more difficult for her counsel to meet with
4  her. And she contends that every month of delay in the processing of this case that results
5  from her move may be a month of additional unlawful detention, possibly culminating in her
6  inability to secure any relief. (Id. at 4-5.)

7  Petitioner requests a preliminary injunction ordering Respondents to immediately
8  return her to the Coconino County Detention Facility or, in the alternative, barring
9  Respondents from arranging to have her transferred out of the Truxton Canon facility to yet
10 another facility. She argues that by requiring that she be returned to Coconino County or
11 maintained at her current location, this Court will preserve its jurisdiction over the parties and
12 protect her ability to vindicate her rights guaranteed by the Indian Civil Rights Act.

13 **2.    Respondents**

14 Braatz asserts that he took no part in Petitioner's prosecution and sentencing and is
15 therefore a nominal party to this action. (Doc. #23 at 1.) He has no objection to Petitioner's
16 being returned to the Coconino County facility. He acknowledges that upon receipt of the
17 summons and Petition in this matter, he sought to have Petitioner removed from the facility,
18 as neither the facility nor any other Coconino County jurisdiction had any real interest in the
19 litigation of this matter. He notes that in his request to have Petitioner removed, he
20 mentioned that Petitioner's interest might be better served if she was relocated to a facility
21 closer to Phoenix. (Id. at 2, Ex. A, Braatz Aff.)

22 Braatz also filed his response to the Petition. (Doc. #22.) He argues that the real issue
23 in this matter is the legality of the sentence imposed, which must be argued by Respondent
24 Nielsen. He further argues that if Nielsen has not even filed a response to the Petition,
25 Petitioner has not been prejudiced by Braatz's actions. (Doc. #23 at 2.)

26 Respondents Anchondo and Harney take no position concerning whether Petitioner
27 should be returned to the Coconino County facility. (Doc. #24 at 1.)  They assert that
28 Petitioner was moved to the Truxton Canon facility after Braatz requested that Petitioner be

- 5 -

1 moved and that Truxton Canon was the nearest BIA facility contracted to incarcerate Pascua
2 Yaqui inmates after Petitioner was moved from Coconino County. They assert that they will
3 comply with any order of this Court directing Petitioner's return to Coconino County, if the
4 Court deems her return necessary. (Id. at 1-2.)

5 Anchondo and Harney agree with Braatz' position that they did not relocate
6 Petitioner from Coconino County to Truxton Canon in order to deny her right to pursue her
7 habeas Petition. They assert that Petitioner's transfer from Coconino County to Truxton
8 Canon did not change Anchondo's status as a respondent because he has supervisory
9 authority over Truxton Canyon. (Id. at 2.) They further assert that Petitioner's transfer did
10 not alter Respondent Nielsen's status in the case; as a representative of the Pascua Yaqui
11 tribal government, Nielsen is the proper Respondent because Petitioner's claim arises from
12 her convictions and sentences in Pascua Yaqui tribal courts. See Reimnitz v. State's
13 Attorney of Cook County, 761 F.2d 405, 409 (7th Cir. 1985) ("The important thing is not the
14 quest for a mythical custodian, but that the petition name as respondent (or some institution)
15 who has both an interest in opposing the petition if it lacks merit, and the power to give the
16 petitioner what he seeks if the petition has merit – namely, his unconditional freedom.").
17 (Doc. #24 at 2.)

18 **3.     Reply**

19 In her reply, Petitioner asserts that Braatz admits that he "kicked [Petitioner] out" of
20 the Coconino County facility, resulting in her transfer to a small facility with virtually no
21 programs located in the far northwestern corner of the State, "because he preferred not be
22 bothered with her attempt to vindicate her federal statutory rights." (Doc. #26 at 2, ref.
23 Braatz Resp. at 2 identifying one of his motivations as "a desire to avoid litigation," and Ex.
24 A, e-mail from Braatz to Anchondo complaining that having Petitioner in the facility "takes
25 up our time and resources preparing a Motion and potential future appearances in Federal
26 Court").) Petitioner argues that rather than permitting her to be effectively punished for
27 vindicating her rights under 25 U.S.C. §§ 1302 and 1303, and in light of the Respondent's
28

- 6 -

1 non-opposition, the Court should order her returned to the Coconino County Detention
2 Facility. (Doc. #26 at 2.)

### C. Analysis

The Court will deny Petitioner's request for a preliminary injunction. She has failed to make a clear showing that she likely to suffer irreparable harm in the absence of preliminary relief. See Winter, 129 S. Ct. 365, 374 (2008). *"Speculative* injury does not constitute irreparable harm sufficient to warrant granting a preliminary injunction." Caribbean Marine Services Co., Inc. v. Baldrige, 844 F. 2d 668, 674-675 (9th Cir. 1988) (emphasis added). To meet the "irreparable harm" requirement, a plaintiff must do more than merely allege imminent harm; he must demonstrate it. Id. at 674. Petitioner's claim that the move interferes with her access to counsel is conclusory, especially in view of her claim that the Petition can be dealt with expeditiously once Respondents have answered. And her claim that she might be moved again is speculative.  In addition, in attempting to establish either eligibility for an injunction or that a movant is not entitled to injunctive relief, a court may rely on developments that postdate the pleadings and pretrial motions. Farmer v. Brennan, 511 U.S. 825, 846 (1994).  With the exception of Nielsen, Respondents have now answered the Amended Petition, and the Court notes that the answering Respondents are represented by counsel. (Doc. # #22, 25.)  That Respondents do not oppose the motion is not grounds for a preliminary injunction; the burden is on the moving party.

## III. Discovery

### A. Legal Standard

Discovery is not a matter of right in habeas corpus cases. Nevertheless, under Rule 6 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules") (which may be applied in cases brought under 28 U.S.C. § 2241 (Habeas Rule 1(b))), a "judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." If the petitioner has presented specific allegations which "show reason to believe that [she] may, if the facts are fully developed, be able to demonstrate that [she] is confined illegally and is therefore entitled to

relief, it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry." Harris v. Nelson, 394 U.S. 286, 300 (1969).  As long as the petitioner's claims "do not appear purely speculative or without any basis in the record," she is "entitled" to discovery under Rule 6.  McDaniel v. District Court, 127 F.3d 886, 888 (9th Cir. 1997).

### B.     Parties' Contentions

#### 1.     Petitioner

Petitioner asserts that her incarceration flows from an arrangement between the Tribe and the BIA, working in concert with local and tribal authorities that manage prison facilities. She argues that it appears that after the manager of the Coconino County facility was served with her Petition, Respondents "acted in concert" to transfer her out of that facility.  (Doc. #19 at 5-6.)  As a result of the transfer, the person who had been served with her habeas petition lost physical custody over her, while the person gaining physical custody over her has not yet been served with the Petition.[1]  She argues that these circumstances raise the prospect that the Respondents colluded to interfere with her exercise of her right to habeas corpus relief – a right that is guaranteed by federal law. 25 U.S.C. § 1303; 28 U.S.C. § 2241(c)(3).  (Doc. #19 at 6.)

In order to substantiate her claim that the Respondents are colluding to interfere with her statutory rights, Petitioner requests leave to conduct the following discovery:

**A. Proposed Document Request to All Respondents**
*Please produce all documents in your possession, custody or control that relate to the 2009 relocation of Beatrice Miranda from the Coconino County Detention Facility to the Truxton Cañon Correctional Facility, where "your" refers to the possession, custody and control of both the individual Respondent and all persons acting as an agent of, on behalf of, or under the supervision and/or authority of, the individual Respondent.*

**B. Proposed Interrogatories to All Respondents**
*Please identify all individuals, specifying the individuals' names, positions, and current contact information if known, who to your knowledge were involved in any way with Beatrice Miranda's 2009 relocation from the Coconino County Detention Facility to the Truxton Cañon Correctional Facility.*

---

[1] Since the filing of Petitioner's Motion, Harney has been served and filed an Answer.

**C. Proposed Depositions**

Ms. Miranda requests leave to conduct depositions of one or more of the individuals identified in the responses to the Interrogatories set forth in the preceding paragraph.

**2.  Respondents**

Respondents Anchondo and Harney join Respondent Braatz' position that further discovery is unnecessary in light of Braatz's disclosure of e-mail communications between himself and Anchondo, whcih explain the circumstances surrounding Petitioner's transfer from Coconino County. (Doc. ##23,24.)

**3.  Reply**

In her reply, Petitioner asserts that rather than showing that discovery is unnecessary, the materials provided emphasize the appropriateness of the discovery sought. (Doc. #26 at 2.) Petitioner argues that the e-mails confirm that she was "kicked out of the Coconino County facility precisely because she sought to vindicate her federal statutory right to relief from an unlawful sentence." (Id., ref. Braatz Resp. at 2 & Ex. A.) Petitioner argues that they also show that Anchondo sent Petitioner farther away from her lawyers and from the courthouse in which her petition is pending although Braatz suggested that her move could "improve her access to the Federal Public Defender." (Id., Ex. A.) Petitioner asserts that the e-mails suggest that Anchondo "perceived a connection between the merits of [Petitioner's] claim and the question of whether she should be relocated." (Id., ref. "This issue questions the Tribal courts [*sic*] ability to sentence a person to more then [*sic*] one year."). She argues that they show that Braatz copied his initial e-mail to Anchondo to eleven Coconino County employees, none of whom were apparently copied on subsequent exchanges, and they terminate with a direction from Anchondo to a BIA employee, Richard Hutchinson, who presumably carried through on Braatz's request by means of undisclosed communications with other individuals under Respondents' supervision.

Petitioner argues that because it is clear that her eviction from the Coconino County facility was triggered by her attempt to vindicate her federal statutory rights in this Court, she should be permitted to conduct the discovery outlined in her motion and that the e-mails

1  provided do not exhaust the material she seeks to discover. (Id.) The e-mails themselves
2  demonstrate that at least twelve individuals other than Braatz and Anchondo were included
3  in the pertinent communications, and one of them (Hutchinson) was the person who evidently
4  carried through on Braatz's request. Petitioner's proposed requests sought to discover all
5  pertinent communications, not only between Braatz and Anchondo, but between *all* of the
6  Respondents (no communications involving Nielsen have been provided), as well as all
7  individuals acting under the Respondents' supervision or authority.

### C. Analysis

The Court will deny the request for discovery. The Court notes that Petitioner has taken quotes from Respondents' e-mails out of context, but the real problem is that the issue of any collusion to deny Petitioner her statutory rights through a transfer is not properly before this Court in the context of Petitioner's habeas action and, therefore, must be resolved through other recourse. In her Petition, Petitioner claims a violation of her rights under 25 U.S.C. § 1302(7) with regard to her sentence; specifically she alleges that her sentence far exceeds a term of imprisonment of one year in connection with a single criminal transaction. In her motion for discovery, she claims she was transferred through collusion to interfere with her statutory rights but she does not explain how this relates to the issue of an unlawful sentence under 25 U.S.C. § 1302(7). Her requests for discovery go to the alleged collusion, not the sentencing claims of the Petition.

## IV. Respondent Nielsen

In her reply, Petitioner also asserts that the docket does not indicate that Respondent Nielsen has been served with the initial or Amended Petitions or that she has entered an appearance in this case, notwithstanding the fact that the Court ordered her personally served by its Order entered on June 25, 2009 – close to two months ago. (Doc. #26 at 4.) Petitioner asks for an Order directing service.

The Court will direct service of the Petition and Amended Petition on Nielsen.

**IT IS ORDERED:**

(1) The reference to the Magistrate Judge is withdrawn as to Petitioner's Motion for

a Preliminary Injunction and Leave to Conduct Discovery (Doc. #19).

(2)  Petitioner's Motion for a Preliminary Injunction and Leave to Conduct Discovery (Doc. #19) is **denied**.

(3) The United States Marshal or his authorized representative **must personally serve** copies of the Summons, Petition (Doc. #1); the June 24, 2009 Order (Doc. #8); the Amended Petition (Doc. #18); and this Order upon Respondent Tracy Nielsen pursuant to Rule 4(e) of the Federal Rules of Civil Procedure.

DATED this 28th day of August, 2009.

Paul G. Rosenblatt
United States District Judge