OFFICE OF THE ATTORNEY GENERAL
PASCUA YAQUI TRIBE
R. Rolando Flores, ASB No. 023866
Amanda Sampson, ASB No. 022992
Kimberly Van Amburg, ASB No. 022376
Alfred L. Urbina, ASB No. 026389
4725 W. Calle Tetakusim, Bldg. B
Tucson, Arizona 85757
(520) 883-5106 tel
(520) 879-5084 fax
amanda.sampson@pascuayaqui-nsn.gov

*Attorneys for Respondent Nielson*

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Beatrice Miranda, | ) | Case No.: CIV 0908065-PCT-PGR |
| | ) | (ECV) |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | RESPONDENT NIELSEN'S |
| | ) | ANSWER TO PETITION FOR WRIT |
| Tracy Nielsen, *et al.*, | ) | OF HABEAS CORPUS |
| | ) | |
| Respondents. | ) | |
| | ) | |

     Respondent, Tracy Nielsen, by and through undersigned counsel, hereby

answers Petitioner Beatrice Miranda's (hereinafter "Petitioner") Petition for Writ

of Habeas Corpus (25 U.S.C. §1303 and 28 U.S.C. §2241(c)(3)) (hereinafter the

"Petition"). In response to the numbered paragraphs in the Petition, Respondent

denies all allegations not specifically admitted herein and admits, denies or

affirmatively states as follows:

### ANSWER

1.      Respondent admits the allegations set forth in paragraphs 1-3 of the Petition. Respondent certifies, pursuant to 28 U.S.C. §2243, that the true cause of Petitioner's detention is her conviction and sentencing in Pascua Yaqui Tribal Court case CR-08-119 on two counts of aggravated assault and two counts of threatening and intimidating. The sentences for these separate offenses were ordered by the trial court judge to run consecutively for 365 days for each aggravated assault conviction and 90 days for each conviction of threatening and intimidating. Petitioner continues to serve this sentence lawfully imposed by the Pascua Yaqui Tribe and upheld on appeal by the Pascua Yaqui Court of Appeals in CA-08-015.

2.      Respondent admits that this Court can properly exercise jurisdiction pursuant to 25 U.S.C. § 1303 and 28 U.S.C. §§ 1331 and 2241 as alleged in paragraph 4 of the Petition.

3.      Respondent admits that venue in this Court is proper pursuant to 28 U.S.C. § 1891 as alleged in paragraph 5of the Petition.

4.      Respondent denies that the allegation contained in paragraph 10 of the Petition is a proper challenge to Petitioner's Tribal Court convictions in Pascua Yaqui Tribal Court case CR-08-119. Rather, the Plaintiff appears to

challenge her current incarceration based upon the multiple sentences imposed for multiple convictions in the Tribal Court, which sentences were upheld by the Pascua Yaqui Court of Appeals in case No. CA-08-015. Respondent denies that the challenge of a tribal court conviction is a remedy available under 25 U.S.C. § 1303 which allows only for a challenge to the legality of a detention by order of an Indian tribe.

5.   Respondent admits the allegations set forth in paragraph 11of the Petition in so far as the Pascua Yaqui Tribe (hereinafter the "Tribe") filed charges against Petitioner on January 26, 2008, but denies that the charges were for eight separate counts. Respondent states that the Tribe filed four counts each as to two different victims.

6.   Respondent admits the allegations contained in paragraph 12, but affirmatively alleges that Petitioner freely waived her right to counsel. At her initial hearing, Petitioner, without counsel, was advised of her rights, and declared that she was waiving them. (*See* Exhibit A, Initial Hearing Transcript at 2).

7.   As to the allegations in Paragraph 13, Respondent admits that Petitioner was sentenced to 910 days of incarceration. Respondent admits that the judge subtracted 114 days for time served and that this yielded a remaining sentence of 796 days, which will end on July 24, 2010. Respondent alleges

that at the May 19, 2008 Sentencing Hearing, Petitioner was again advised of her right to counsel, and again waived that right. (*See* Exhibit E, Sentencing Transcript at 1-2).  Respondent also alleges that, the Tribal Court found that Petitioner was in violation of the terms of her probation for her prior conviction in CR-07-064, revoked her probation and imposed the days that had been suspended under the terms of her probation to run concurrently with her sentence for her conviction in CR-08-119. (*See* Exhibit P, Order of the Trial Court in CR-07-064).

8.    Respondent admits the allegation in paragraph 14, and affirmatively alleges that Chief Public Defender, Nicholas Fontana and the services available through the Pascua Yaqui Office of the Public Defender were familiar to Petitioner as that office had represented Petitioner in CR-05-036, CR-05-278, and CR-07-064.

9.    Respondent admits the allegations contained in paragraphs 15 through 21 inclusive.

10.    Respondent admits the allegations contained in paragraph 22, and affirmatively alleges that before the Pascua Yaqui Court of Appeals issued its decision in CA-08-015, the Court held a Rule 15 Conference wherein the parties argued several motions, the Petitioner submitted a bench memo, and

the Petitioner waived her right to a three judge panel, asking instead for an expedited oral argument and decision.[1]

11.    Respondent admits the first sentence of the allegations set forth in paragraph 23. Respondent denies the allegation in the second sentence of paragraph 23, and affirmatively states that Petitioner has not exhausted her tribal court remedies because she has not availed herself of the *habeas corpus* petition available pursuant to the Pascua Yaqui Rules of Appellate Procedure. (*See* 3 PYTRAP Rule 25). Respondent further alleges that in filing a *habeas corpus* petition in the Pascua Yaqui Court of Appeals, Petitioner could avail herself of the three-justice panel which she waived in her appeal.

---

[1] Rule 15, Pascua Yaqui Tribe Rules of Appellate Procedure allows the Chief Justice to hold a case conference to address matters which may aid the court in the disposition of the proceeding,  3 PYTRAP Rule 15.  A Case Conference was held on February 13, 2009. Appellant (Petitioner herein) waived a three-judge panel, and requested an expedited oral argument. Appellant's request was granted. On February 17, 2009, Oral Argument was initially scheduled for Friday, February 20, 2009, at the University of Arizona School of Law. On February 17, 2009, the Tribe objected to the venue, as jurisdiction was an issue in the case and victims and the tribal community had a right to be present. The argument was cancelled for rescheduling. On February 17, 2009, Appellant objected and demanded a written order to perfect a habeas action in federal court. On February 10, 2009, Appellant filed a Motion for Expedited Argument and Review, citing 25 U.S.C. § 1302(7). On February 13, 2009, Appellant's motion was granted and Appellant's counsel waived a three-judge panel hearing of the expedited argument. Appellant declared at oral argument (March 17, 2009) that she intends to use The Pascua Yaqui Court of Appeals disposition to perfect her filing of a habeas corpus petition in federal district court.

12.   Respondent admits the allegations in paragraphs 24 through 32 inclusive.

13.   Respondent denies the allegation contained in paragraph 33 that Petitioner did not make statements during the sentencing hearing. Petitioner requested that all the sentences "be lesser" and that they "run concurrent" which requests were denied by the Court (*See* Exhibit E, Sentencing Transcript at 5).

14.   Respondent admits the allegations in paragraph 34.

15.   Respondent admits the allegations in paragraph 35 and affirmatively alleges that the "single criminal transaction" test which Petitioner derives from *Spears v. Red Lake*, 363 F.Supp.2d 1176, 1178 (D.Minn. 2005) is not binding authority on this court, and is the only such application in any jurisdiction. Further, the Pascua Yaqui Court of Appeals declined to follow the decision in *Red Lake* in Petitioner's direct criminal appeal.

16.   Respondent admits the allegation in paragraph 36.

17.   Respondent denies the allegation contained in the heading to section VI of the Petition. Firstly, this allegation misstates 25 U.S.C. 1302(7) by inferring that the statute refers to a "single criminal transaction". In fact, the statute does not refer to a "single criminal transaction" but instead says that a tribe shall not "impose for conviction of any **one offense** any penalty or punishment greater than imprisonment for a term of one year and a fine of

$5,000, or both." 25 U.S.C. § 1302(7) (emphasis added) Petitioner was tried and convicted of more than one offense against more than one victim which is not a violation of 25 U.S.C. § 1302(7).

18.    Respondent admits the allegations in paragraph 37 and affirmatively alleges that the Pascua Yaqui Court of Appeals not only declined to adopt the non-binding rule of the district court in *Spears*, but elected to impose the test formulated by the United States Supreme Court in *Blockburger v. United States*, 284 U.S. 299, 52 S. Ct. 180 (1932). "The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." *Blockburger*, 284 U.S. 299 at 304.

19.    Paragraph 38 is not an allegation requiring response.

20.    Respondent denies the allegation contained in paragraph 39 that the Tribe imposed a conviction of greater than one year in contravention of 25 U.S.C. § 1302(7). Respondent denies that Petitioner's convictions arose from "one offense". Respondent affirmatively alleges that Petitioner's convictions were for eight offenses, four different offenses committed against two victims. Respondent further alleges that the eight offenses for which Petitioner was sentenced to 910 days incarceration were found on appeal to the Pascua

Yaqui Court of Appeals to have been separate offenses because each charge required proof of sufficient additional facts under the United States Supreme Court's test in *Blockburger*. As such, the Pascua Yaqui Court of Appeals found that Petitioner had been convicted of separate offenses and could properly be sentenced separately for each conviction as long as the sentence for each separate crime does not exceed the statutory limit of one year. (*See* Exhibit I, Pascua Yaqui Court of Appeals Opinion, No. CA-08-015 at p. 23).

21. Respondent denies paragraph 40, and affirmatively alleges that the "single criminal transaction" test which Petitioner derives from *Spears*, 363 F.Supp.2d 1176, 1178 is not binding authority on this court, is the only such application in any jurisdiction, and that this test was rejected on direct appeal by the Pascua Yaqui Court of Appeals.

22. Respondent denies paragraph 41 in so far as it states that the Tribal Court sentenced Petitioner to a period of incarceration that is greater than one year for any of the separate offenses for which she was convicted.

23. As concerns the allegations in paragraph 42, Respondent admits that the aggregate total of the sentence imposed by the Tribal Court was 910 days. Respondent affirmatively alleges that the Tribal Court considered but denied Petitioner's request for the separate sentences to run concurrently. (*See*

Exhibit E, Sentencing Transcript at 5-8).  Petitioner further alleges that the imposition of consecutive sentence for separate offenses is not a violation of the Indian Civil Rights Act, 25 U.S.C. 1302(7) and that the  Tribal Court's decision to allow the imposition of consecutive sentences in Petitioner's case was upheld by the Pascua Yaqui Court of Appeals . (*See* Exhibit I, Pascua Yaqui Court of Appeals Opinion, No. CA-08-015 at p. 26).

24.   Respondent denies paragraph 43 in its entirety.

25.   In so far as paragraph 44 contains allegations requiring a response, Respondent denies such allegations and denies that Petitioners prayed-for relief should be granted.

## **AFFIRMATIVE DEFENSES**

Further, Respondent asserts the following defenses and states:

26.   Petitioner's claims are contrary to public policy.

27.   Petitioner has failed to exhaust her remedies in tribal court. Petitioner has not filed a *habeas corpus* petition as she is entitled to do pursuant to the Pascua Yaqui Rules of Appellate Procedure. (*See* 3 PYTRAP Rule 25).

## **PRAYER FOR RELIEF**

WHEREFORE, Respondent respectfully requests that the relief requested by Petitioner in her Petition for Writ of Habeas Corpus (25 U.S.C. §1303 and 28

U.S.C. §2241(c)(3)) be denied, that this case be dismissed with prejudice, and such

other relief as this Court deems proper.


RESPECTFULLY SUBMITTED on this the 23rd day of September, 2009.

OFFICE OF THE ATTORNEY GENERAL
PASCUA YAQUI TRIBE

*S/ Amanda Sampson*
Amanda Sampson, Assistant Attorney General
Rolando Flores, Interim Attorney General
Kimberly Van Amburg, Assistant Attorney General
Alfred Urbina, Deputy Prosecutor
*Attorneys for Respondent*


CERTIFICATE OF SERVICE

I hereby certify that on September 23, 2009 I electronically transmitted the
foregoing document to the Clerk's Office using the ECF System for filing and
transmittal to the following ECF registrants:

CLERK'S OFFICE
United States District Court
Sandra Day O'Connor Courthouse
401 West Washington Street
Phoenix, Arizona 85003

JOHN ROBERT LOPEZ, IV
Assistant United States Attorney
Two Renaissance Sq.,
40 N. Central Ave., Ste. 1200,
Phoenix, AZ 85004-4408

DANIEL L. KAPLAN
Assistant Federal Public Defender

District of Arizona
850 W. Adams, Suite 201
Phoenix, Arizona 85007

TIMOTHY G. MCNEEL
Deputy Coconino County Attorney
110 E. Cherry Avenue
Flagstaff, Arizona 86001-4627

    *S/ Amanda Sampson*
    By Amanda Sampson
    Assistant Attorney General