**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Beatrice Miranda,<br><br>        Petitioner,<br>vs.<br><br>Tracy Nielsen, et al.,<br><br>        Respondents. | No. CV-09-8065-PCT-PGR (ECV)<br><br><u>ORDER GRANTING WRIT</u><br><u>OF HABEAS CORPUS</u> |

Having reviewed *de novo* the Report and Recommendation of Magistrate Judge Voss in light of the petitioner's [Partial] Objection to Magistrate Judge's Report and Recommendation (doc. #48), the Court finds that the petitioner's Amended Petition for Writ of Habeas Corpus, filed pursuant to 25 U.S.C. § 1303 and 28 U.S.C. § 2241(c)(3), should be granted.[1]

---

[1] In resolving the motion for extension of time to file objections filed by respondent Nielsen, in which respondent Anchando joined, the Court entered an order (doc. #54) on December 30, 2009 that granted the motion "to the extent that all objections to the Report and Recommendation shall be filed no later than noon on 1/11/10."

Respondent Nielsen filed his Objections to the Report and Recommendation of Magistrate Judge Voss (doc. #56) on 4:05 p.m. on January 11th and respondents Anchando and Harvey filed their Objections to Report and Recommendation of Magistrate Voss and Joinder in Respondent Nielsen's Objections (doc. #57) at 4:58 p.m. on January 11th. None of these respondents have offered any explanation for their late filings, nor have they sought any

The Court agrees with the Magistrate Judge that the Court has jurisdiction to hear the petitioner's habeas claim because the petitioner has sufficiently satisfied the requirement that she exhaust her tribal remedies.

The Court also agrees with the Magistrate Judge that the "any one offense" language of 25 U.S.C. § 1302(7) is properly interpreted to include all tribal code violations committed during a single criminal transaction.

The Court further agrees with the Magistrate Judge that the Pascua Yaqui Tribal Court should be ordered to re-sentence the petitioner to a term of one year inasmuch as the petitioner's tribal court sentence of 910 days exceeded the 12-month maximum sentence permitted by the Indian Civil Rights Act given that the petitioner's charges arose from a single criminal transaction.

Furthermore, the Court agrees with the petitioner that since she has now served more than one year of her sentence, she is entitled to be immediately released from custody. Therefore,

IT IS ORDERED that the Magistrate Judge's Report and Recommendation (doc. #46) is accepted and adopted by the Court.

IT IS FURTHER ORDERED that Petitioner's Motion for Summary Judgment (doc. #33) is granted.

IT IS FURTHER ORDERED that Respondent Nielsen's Motion (Cross-Motion) for Summary Judgment (doc. #36) is denied.

IT IS FURTHER ORDERED that petitioner Beatrice Miranda's Amended Petition for Writ of Habeas Corpus (doc. #18) is granted.

IT IS FURTHER ORDERED that the Clerk of the Court shall immediately

---

additional extension of time. The Court concludes that the respondents' objections are untimely. The Court notes that it is in any case unpersuaded by the respondents' objections.

enter a judgment that (1) grants petitioner Beatrice Miranda's Amended Petition for Writ of Habeas Corpus, (2) orders the Pascua Yaqui Tribal Court to reduce petitioner Beatrice Miranda's sentence to one year, and (3) orders the respondents to release the petitioner from custody no later than 5:00 p.m. on Wednesday, January 13, 2010.

IT IS FURTHER ORDERED that the respondents shall file a report no later than 1:00 p.m. on January 15, 2010 setting forth the status of their compliance with this order regarding petitioner Beatrice Miranda's release from custody.

DATED this 12th day of January, 2010, at 9:55 a.m.

Paul G. Rosenblatt
United States District Judge